26 F.3d 138
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Segundo A. SALVACION, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 94-3042.
 United States Court of Appeals, Federal Circuit.
 April 15, 1994.
 
 Before NEWMAN, PLAGER, and CLEVENGER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Segundo A. Salvacion appeals a final decision of the Merit Systems Protection Board (MSPB), affirming a decision of the Office of Personnel Management (OPM), denying Salvacion retirement annuity benefits under the Civil Service Retirement System (CSRS).[1] Because no evidence has been presented that in any way impugns the decision of OPM, and because Salvacion's appeal is untimely, we affirm.
 
 DISCUSSION
 
 2
 A citizen of the Philippines, Salvacion worked as a civilian employee of the United States Army from March 22, 1945, until June 2, 1946, a period of just over a year. It is unclear from the record when Salvacion first filed for a retirement annuity, but OPM denied his initial application by letter dated June 17, 1992. On August 4, 1992, Salvacion requested a reconsideration. In a more expansive letter dated September 9, 1992, OPM affirmed its earlier decision.
 
 
 3
 OPM correctly explained that in order to receive a retirement annuity from the United States government, an employee must have at least five years of service. 5 U.S.C. Sec. 8333(a). Salvacion worked for the United States government for just over a year, not long enough, and therefore he is ineligible for an annuity. Moreover, in order to receive an annuity, an employee must serve at least one year in a position "covered" by the CSRS, that is, a position from which pay is deducted. 5 U.S.C. Sec. 8333(a). Salvacion did not serve in a position covered by the CSRS, and therefore he is ineligible for an annuity.
 
 
 4
 Nevertheless, on December 28, 1992, Salvacion appealed OPM's decision to the MSPB, 85 days after the deadline set for appeal, of which Salvacion was notified in the reconsideration letter. In his initial decision, dated April 15, 1993, the Administrative Judge found that Salvacion's appeal was untimely, and that Salvacion had not responded to the untimeliness issue, much less shown good cause for his untimeliness, despite being ordered to do so. Consequently, the Administrative Judge denied Salvacion's appeal. Although the record is bare, the MSPB maintains that Salvacion timely petitioned the full Board for review of the initial decision. At any rate, the full Board denied Salvacion's petition for review on September 17, 1993, and the initial decision of the MSPB became final.
 
 
 5
 Throughout these proceedings Salvacion has made no allegations and introduced no evidence that would support his position and contradict the basic finding of OPM. Consequently, even if we were inclined to ignore the fact that Salvacion failed to meet his deadline or to show cause for his tardiness, which we are not, we must affirm the decision of the MSPB, and with it, the decision of OPM not to grant Salvacion an annuity.
 
 
 
 [1]
 The Administrative Judge issued an initial decision, Dkt. No. SE0831930122-I-1, on April 15, 1993. That decision became the final decision of the MSPB on September 17, 1993, when the full Board denied appellant's petition for review